**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**James A. Kilcup**
Assistant U.S. Attorney
James.Kilcup@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

July 1, 2026

Casey Kovacic
casey@kovaciclaw.com
The Law Office of Casey Kovacic, LLC
249 NE Lincoln Street
Hillsboro, Oregon
97124

Re: *United States v. Angel*, Case No. 3:26-cr-00046-IM
Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count 1 of the Indictment, which charges that defendant unlawfully possessed a firearm after being convicted of a crime punishable by imprisonment for a term exceeding a year, in violation of Title 18, United States Code, Section 922(g)(1).

3. **Penalties**: The maximum sentence is 15 years' imprisonment, a fine of $250,000, 3 years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

**Notice of Immigration Consequences:** Defendant understands that pleading guilty to the charge in this plea agreement may have immigration consequences if defendant is not a United States citizen, including removal from the United States, denial citizenship, and denial of admission to the United States in the future. Furthermore, if any crime of conviction is an

aggravated felony as defined in 8 U.S.C. § 1101(a)(43), such conviction makes it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

4. **<u>Dismissal/No Prosecution</u>**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of the 2024 and 2026 investigations of defendant, known to the USAO at the time of this agreement.

5. **<u>Elements</u>**: In order for defendant to be found guilty of Count One of the Indictment, the government must prove the following elements beyond a reasonable doubt:

*First*, defendant knowingly and unlawfully possessed a firearm;

*Second*, the firearm had previously been transported in interstate and/or foreign commerce;

*Third*, at the time he possessed the firearm, defendant had previously been convicted of crimes punishable by imprisonment for a term exceeding one year; and

*Fourth*, defendant knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year.

6. **<u>Factual Basis</u>**: Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea.

The following facts are true and undisputed:

On February 9, 2026, defendant was driving a Chevy Tahoe in Gresham, Oregon when he was stopped by the Gresham Police Department ("GPD") officers for expired tags. Defendant was unable to show he had insurance for the vehicle. GPP officers then initiated a tow of the vehicle.

GPD conducted an inventory of the vehicle during which officers found a Taurus G3C 9mm handgun, serial number ACG070540 ("Handgun"), in the Tahoe's center console. DNA testing later showed that defendant could not be excluded as a contributor to the Handgun. The Handgun was manufactured outside of Oregon and therefore had previously been transported in interstate commerce before it was seized by officers on February 9, 2026.

Defendant has prior felony convictions, including:

- Delivery of a Controlled Substance, Multnomah County Circuit Court Case No. 02-11-36905;
- Delivery of a Controlled Substance, Multnomah County Circuit Court Case No. 05-08-35121;
- Delivery of a Controlled Substance, Multnomah County Circuit Court Case No. 02-08-34628;
- Attempted Assault II, Multnomah County Circuit Court Case No. 06-1036252.

At the time defendant possessed the above-referenced firearm, he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year because he had in fact served more than one year in prison.

7. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8. **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2K2.1 is a Base Offense Level of 26, prior to adjustments.

9. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, fails to timely complete a Financial Disclosure Statement as outlined in this agreement, if applicable, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

**EARLY RESOLUTION: If defendant agrees to resolve his case prior to the second trial setting or within 180 days of the Initial Appearance on complaint and does not file pretrial motions, the government will agree to recommend a two-level downward variance to his guideline range pursuant to 18 U.S.C. § 3553(a).**

10. **Sentencing Recommendation**: The USAO will recommend a sentence at the low end of the applicable guideline range, followed by 3 years of supervised release, and the $100 statutory fee assessment, as long as defendant demonstrates an acceptance of responsibility as explained above. Defendant may seek any lawful sentence.

11. **Abandonment of Firearm(s)/Property**: By signing this agreement, defendant hereby voluntarily abandons all right, title, and interest to the firearm identified in the Indictment.

12. **No Enhancement**: The USAO agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 if defendant has any prior serious drug felony or serious violent felony convictions.

13. **Additional Adjustments or Variances**:

A. Defendant reserves the right to seek a downward adjustment or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request.

B. Defendant agrees that, should defendant seek a downward adjustment or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

14. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction(s) or sentence under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

15. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

16. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement,

the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

17. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, commits any new criminal offenses, absconds or fails to appear for any hearing, or fails to report as directed by a supervising officer between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court prior to sentencing, or defendant must raise an immediate objection if the claim arises out of conduct at the sentencing hearing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

18. **Forfeiture Terms**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 924(d) and 18 U.S.C. § 2253, including a Taurus G3C 9mm handgun, serial number ACG070540, which defendant admits was used to facilitate defendant's criminal activity in violation of 18 U.S.C. § 922(g)(1) as set forth in Count 1 of the Indictment.

19. **Abandonment of Property**: By signing this agreement, defendant hereby voluntarily abandons all right, title, and interest in the following property pursuant to Title 41, Code of Federal Regulations (CFR), Section 128-48.102.1, and waives their right to notice of any abandonment proceedings as to:

- Two handguns seized under Portland Police Bureau Case Number 24-29655.

in order that appropriate disposition may be made thereof by Gresham Police Department, Portland Police Bureau, or other custodial agency.

///

///

///

///

///

///

20. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

21. **Deadline**: This plea offer expires if not accepted by July 6, 2026, at 5:00 p.m.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

*/s/ James A. Kilcup*
JAMES A. KILCUP
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

8-17-26
Date

Frank Angel
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

8/17/26
Date

Attorney for Defendant

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case. I fully and accurately interpreted discussions between the defendant and the attorney.

Date

Interpreter (if necessary)